UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUCIANO TONELLI, | CASE NO. C05-0376-RSL-MAT |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| SARGENT AUTRY, et al., | |
| Defendants. | |

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis*. He brings this civil rights action pursuant to 42 U.S.C. § 1983 and has moved for appointment of counsel. (Dkt. #15). Plaintiff has also written the Clerk of Court three letters, asking various questions about this lawsuit. (Dkt. #14, #17, #18). Having reviewed plaintiff's motion for appointment of counsel, his letters to the Clerk, and the balance of the record, the Court does hereby find and ORDER:

(1) Plaintiff's motion for appointment of counsel (Dkt. #15) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires

an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims himself. Accordingly, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel.

(2) Plaintiff's letters appear to ask whether he should file a tort claim in state court (Dkt. #14), whether a "state representative" could be appointed to assist him (Dkt. #17), and whether plaintiff could have an extension of time to submit "a claim for damages." (Dkt. #18). Plaintiff is advised that neither the Clerk nor this Court can provide him with legal advice, and the Court has determined that this case does not warrant appointment of counsel. Plaintiff is further advised that his original complaint in this matter already contains a claim for damages. (Dkt. #6 at 2). Thus, it is not clear why plaintiff believes that he needs an extension of time.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Robert S. Lasnik.

DATED this 30th day of June, 2005.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -2