```
01
02
03
04
05
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LUCIANO TONELLI, | ) | CASE NO. C05-0376-RSL-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| SARGENT AUTRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983. He alleges that prison guards harassed him, failed to protect him, and that a nurse at the prison failed to provide adequate medical care. Defendants have moved for summary judgment on the grounds that plaintiff has not exhausted his administrative remedies. Plaintiff has filed a response and defendants have filed a reply. Having considered the briefs submitted by the parties, the court recommends that the complaint and this action be dismissed without prejudice for failure to exhaust.

/ / /

REPORT AND RECOMMENDATION
PAGE -1

## PROCEDURAL HISTORY

On March 8, 2005, plaintiff submitted the instant civil rights complaint, along with an application for leave to proceed *in forma pauperis* ("IFP"). (Doc. #1). In his complaint, plaintiff alleged that his civil rights had been violated by six different actors: (1) A prison guard named "Autry" failed to protect him from an assault by another inmate; (2) A nurse named "Russell" failed to properly treat plaintiff's injuries following that assault; (3) An unknown prison guard ("John Doe") ignored plaintiff's plea for emergency medical attention; (4) Monroe Corrections Medical Health Center ("MCC") had failed to provide adequate medical care to plaintiff; (5) An inmate at MCC had assaulted plaintiff; and (6) A prison guard named "Siivonen" failed to heed plaintiff's request for medical care and also verbally harassed plaintiff based upon plaintiff's homosexuality.[1]  (Doc. #1).

After plaintiff cured a deficiency in his application to proceed IFP, the court dismissed MCC as a defendant because plaintiff had not alleged that he was injured as a result of any "custom or policy" of the prison. (Doc. #7, *citing Board of County Commissioners v. Brown*, 520 U.S. 397 (1997)). The court also dismissed inmate Fancher as a defendant because, as a private party, Fancher was not acting "under color of state law," and therefore could not be sued under § 1983. (*Id., citing Tower v. Glover*, 467 U.S. 914, 920 (1984)). The court directed that plaintiff's complaint be served on the remaining defendants.

On September 29, 2005, defendants filed a motion for summary judgment, asserting that plaintiff had failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997e(a)

---

[1] In his complaint, plaintiff spells the names of defendants Russell and Siivonen differently than how defendants spell their own names in their pleadings. The court will adopt the defendants' spelling of their names.

. (Doc. #31). On October 19, 2005, plaintiff filed a motion for an extension of time to respond to defendants' motion for summary judgment. (Doc. #32). The court granted plaintiff's motion and on November 30, 2005, plaintiff filed his response. (Doc. #38). Defendants filed a reply on December 1, 2005 (Doc. #37), and the matter is now ready for review.

## DISCUSSION

Defendants base their motion for summary judgment on several grounds. The court need only address their initial ground that plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Under the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court explained the rationale behind this exhaustion requirement as follows:

> **Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case**. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.

*Porter v. Nussle*, 122 S. Ct. 983, 988 (2002) (citations omitted; emphasis added). *Id.* Thus, exhaustion is now a precondition for a prisoner, such as plaintiff, to bring an action pursuant to § 1983.

The Washington prison system has a grievance procedure that provides four different levels

REPORT AND RECOMMENDATION
PAGE -3

of review. (Dkt. #31 at 10). Plaintiff attached to his complaint copies of grievances that he claims to have filed with the prison grievance system. However, defendants contend that plaintiff either did not actually file some of these grievances or if he did, he did not appeal them beyond the first level.

Upon review of the record, it appears that defendants are correct. Plaintiff filed two grievances against defendant Siivonen in which plaintiff alleged that the guard had verbally harassed him by referring in a derogatory manner to plaintiff's sexual orientation. However, plaintiff withdrew the first grievance and did not provide sufficient information on the second.[2] (Dkt. #31, Ex. 5, Attachments A & C). In addition, the court notes that even if plaintiff had exhausted his available remedies regarding these offensive comments, the Ninth Circuit has held that the right to be free from cruel and unusual punishment is not violated by a prison guard's disrespectful comments. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at inmate does not state a constitutional claim).

In addition, plaintiff's grievances regarding his other claims do not appear to have been filed with the prison grievance system. Plaintiff attached copies of these grievances to his complaint, but the copies do not have a "Log I.D. Number" at the top of the form indicating that they were accepted by a prison official and assigned a number. Defendants assert that this means that plaintiff never filed the grievances with the prison. (Dkt. #31, Ex. 5 at 4). Plaintiff maintains in his response that he did submit these forms, but that the prison erroneously did not assign a Log

---

[2] Plaintiff appears to argue in his response that this second grievance was tampered with by prison officials. (Doc. #38 at 14). However, the precise nature of the alleged tampering is unclear and moreover, plaintiff does not show that he pursued this grievance beyond the first level of review.

REPORT AND RECOMMENDATION
PAGE -4

01 I.D. number to them. (Dkt. #38, Attachment D).

02 While it seems unlikely that the prison would fail to assign these grievances Log I.D. numbers, as plaintiff contends, the court need not resolve this dispute, because even if plaintiff did file the grievances, he does not appear to have followed through with them. He asserts that he noticed when the grievances were returned to him that the forms lacked I.D. numbers and that they contained no written response from prison officials, yet plaintiff does not assert that he brought these defects to anyone's attention. (Dkt. #38, Attachment D). As mentioned, there are four levels of review available to prisoners and plaintiff apparently did not pursue any of the defective grievances higher than the first level.

Thus, it appears clear that plaintiff did not exhaust his administrative remedies as required under the PLRA. Consequently, the court has no choice but to dismiss this lawsuit without prejudice for failure to exhaust. *See Porter v. Nussle*, 122 S. Ct. 983, 988 (2002).

## CONCLUSION

For the foregoing reasons, the court recommends that the complaint and this action be dismissed without prejudice for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). A proposed Order accompanies this Report and Recommendation.

DATED this 13th day of December, 2005.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5